Jasen, J. (dissenting).
I would reverse the order of the Appellate Division. I believe that there is no reasonable view of the evidence which would support the conclusion that the defendant attempted to break into the repair shop and yet did not intend to commit the crime of larceny. (CPL 300.50; 1.20, subd 37.) The People’s proof established that an intruder broke a window in the garage area of the premises. The sound of breaking glass attracted the attention of the proprietor. The proprietor went to the garage and hollered at the intruder who ran off into the darkness. The owner was, however, able to observe that the intruder had shoulder length hair and was wearing a long brown coat. The police were summoned and the defendant’s car was found in the parking lot, with the keys inside and with the engine still warm from use. At trial, defendant contended that he had not broken the window, but had merely left his car at the shop for repairs. This story was discredited by a patron of a nearby restaurant who testified that on the night in question defendant had given an inconsistent explanation of his conduct. The version was also disproved by police testimony that the defendant’s car, when driven away for purposes of impoundment, was in normal operating order.
The defendant, a former employee of the complainant, never admitted breaking the window. Instead, he attempted to offer a totally different version of events to support his contention that he was not the intruder. There was never any claim, contention or proof that he had an innocent or nonlarcenous *238 purpose and intent for breaking into the shop. Thus, the majority’s thesis that the defendant might have been looking for a place to sleep, along with its other suggested theories, is not based upon any view of the evidence, but upon active imagination. If the jury discredited defendant’s testimony, which it did, it could only find that the breaking into the shop was for the purpose of stealing property from it. The window was broken in a manner designed to avoid the burglar alarm and in a place through which the window could be raised without triggering the alarm. The defendant gave several inconsistent versions of his conduct from which the jury could reasonably infer a consciousness of guilt. Defendant’s car was in the parking lot, with keys inside, ready for a quick getaway. The defendant fled at the sight of the shop owner, a fact which also tends to negative the possibility of innocent purpose. In short, the People presented overwhelming proof that the defendant broke into the store and did so with intent to steal property. Therefore, I dissent.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler and Cooke concur with Judge Fuchsberg; Judge Jasen dissents and votes to reverse in a separate opinion.
Order affirmed.